
FILED
2023 Apr-12 PM 12:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CATHERINE LASHAUN MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REGIONAL ACCEPTANCE CORPORATION, RANDY MINTON, KATHERINE EDWARDS WEST, BURR & FORMAN LLP, AND KEITH "BOOTY" COX, | ) 7:22-cv-01510-LSC ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

I.  Introduction

On November 30, 2022, Catherine Lashaun Minor ("Minor") filed with the Clerk of this Court a complaint *pro se* against Regional Acceptance Corporation ("RAC"), Randy Minton, Katherine Edwards West, Burr & Forman LLP, and Keith "Booty" Cox.[1] (Doc. 1.) This Court presently has for consideration a motion by all of the named defendants to remand the case to the Circuit Court of Pickens County, alleging that Minor's complaint (doc. 1) is merely an improperly attempted removal

---

[1] Because Minor is a *pro se* litigant, this Court liberally construes her pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

of a case over which this Court lacks jurisdiction. (Doc. 3 at 1–16.)

## II.  Background[2]

On March 3, 2022, RAC filed an action ("Underlying Complaint") against Minor in state court asserting a single state law claim for statutory detinue. (Doc. 3 at 2; Doc. 3-1 at 4–5.) RAC moved for summary judgment in the State Case in October 2022. (*Id.* at 3; Doc. 3-4 at 4–10.) On November 22, 2022, Minor filed a counterclaim against RAC as well as a notice of change of venue, which Minor presumably intended to act as a notice of removal.[3] (Doc. 3 at 3; Doc. 3-5 at 2–3, 5–11.) Minor named RAC, Randy Minton, Katherine Edwards West, Burr & Forman LLP, and Keith "Booty" Cox as Counter-Defendants to the Counterclaim. (Doc. 3-5 at 5–11.) According to the Counter-Defendants, the state court set a hearing on the Counterclaim for 9:00 A.M. on November 30, 2022, and Minor failed to appear. (Doc. 3 at 3.) At 4:23 P.M. on the same day,[4] Minor filed with the Clerk of this Court

---

[2] For purposes of clarity and brevity, this Court will hereafter refer to the underlying action in state court as the "State Case," RAC's initial complaint (doc. 3-1 at 4–5) in the State Case as the "Underlying Complaint," the counterclaim that Minor filed in the State Case (doc. 3-5 at 5–11) as the "Counterclaim," and all of the defendants that Minor named in both the present action and to the Counterclaim as the "Counter-Defendants."

[3] Minor's exact intent or purpose in filing the notice of venue change (*see* doc. 3-5 at 2–4) is not entirely clear because she simply demands "a change of venue from a statutory court to a court of record." (*See* doc. 3-5 at 2.) However, viewing the notice in the context of Minor's other actions during or around the same time period — i.e., filing a counterclaim in the State Case, filing an altered version of the same claim as a complaint in this Court, and stating her grounds for removal in both — this Court will assume for the purpose of this Opinion that Minor intended the notice of venue change (doc. 3-5 at 2–4) to act as a notice of removal. *See* discussion *infra* pp. 2–5.

[4] (*See* Doc. 3 at 3.)

a purported complaint against RAC and the other Counter-Defendants. (Doc. 1 at 1.) Presumably, Minor intended the complaint (doc. 1) to act as a notice of removal.[5]

### III.  Removal

Minor's initial filing (doc. 1) constitutes an improper attempt to remove the State Case to federal court. As an initial matter, this Court construes the filing (doc. 1) as a notice of removal rather than an original complaint distinct from the State Case due to Minor's own assertions therein as well as its similarity to the Counterclaim.[6] *See Cochran v. Penn Mut. Life Ins. Co.*, 35 F.4th 1310, 1315 (11th Cir. 2022) ("Our focus is on the substance of the complaint, not on the labels the plaintiff chooses to give [her] claims, and not on the artful way a plaintiff words [her] allegations."); *e.g.*, *Pickett v. Williamson*, No. 11–cv–03439, 2015 WL 2450767, at *2 (N.D. Ala. May 22, 2015) ("Courts generally look to substance of a pleading, not its labels and form.")

First, the Notice of Removal appears to be virtually identical to the Counterclaim that Minor filed in the State Case. (*Compare* Doc. 1 at 8–13 *with* Doc. 3-5 at 5–10.) In fact, aside from the standard form that this District provides *pro se* litigants (*see* doc. 1 at 1–7), Minor appears to have simply scanned the Counterclaim

---

[5] *See* discussion *infra* pp. 3–5.
[6] This Court will hereafter refer to Minor's initial filing (doc. 1) in the present case as the "Notice of Removal" or the "Notice."

and filed it in this Court after making two handwritten changes. Minor crossed out "Counter Claim" at the top of the Notice and wrote "Petition" thereover. (Doc. 1 at 8; *see also* Doc. 3-5 at 5.) Minor also wrote "Altered & Amended" above the beginning of the substantive text. (Doc. 1 at 8; *see also* doc. 3-5 at 5.) However, this Court could not identify any other differences between the Notice and the Counterclaim. (*Compare* Doc. 1 at 8–13 *with* Doc. 3-5 at 5–10.) Moreover, the first page of the Notice retains the file stamp of the state court's clerk from when Minor filed the Counterclaim in the State Case. (Doc. 1 at 8; *see also* Doc. 3-5 at 5.) Minor's use of the same pleading as a counterclaim and an initial complaint in state court and federal court, respectively, supports the presumption that she intended both pleadings to serve as notices of removal.[7]

    Furthermore, Minor plainly states her intent to remove the case within the first paragraph. (Doc. 1 at 8.) After identifying herself as "[c]ounter claimant Catherine Lashaun Minor," she asserts that "[t]his case is being removed from the Circuit Court of Pickens County Alabama to the United States District Court for the Northern District of Alabama." (Doc. 1 at 8 (emphasis omitted).) Minor further claims that the case has both diversity and federal question jurisdiction, stating that

---

[7] Because this Court has determined that the Notice of Removal (doc. 1) and the Counterclaim (doc. 3-5 at 5–11) are essentially the same document, an analysis of only one is necessary hereafter for the purpose of interpreting Minor's intent to remove the State Case.

"[d]iversity jurisdiction exists over this action," that "[t]his case is over the statutory amount of $75,000.00 (USD)," and that she "ha[s] federal questions/Federal Treaty [sic]." (Doc. 1 at 8.) Accordingly, this Court interprets Minor's initial filing (doc. 1) as a notice of removal.

Minor's attempted removal is nonetheless improper. When a party brings an action in state court that establishes a basis for removal, "the defendant must file [her] petition [in federal court] before the time for answer or forever lose [her] right to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.* (*St. Paul*), 303 U.S. 283, 291 (1938); *e.g.*, *Wis. Dep't of Corr. v. Schacht* (*Schacht*), 524 U.S. 381, 390 (1998). The defendant must file a notice of removal within thirty days of receiving the pleading or other paper from which she may first ascertain that the case is removable. 28 U.S.C. § 1446. Minor was served with the complaint in the State Case on March 11, 2022, yet she did not file the Notice of Removal in this Court until November 30, 2022, over eight months later. (*See* Doc. 1 at 1; Doc. 3 at 2; Doc. 3-2 at 3.) Even if RAC's motion for summary judgment (doc. 3-4 at 4–10) in the State Case created a basis for removal, Minor's attempted removal still fails for untimeliness.[8] Timeliness notwithstanding, however, neither the Underlying Complaint (doc. 3-1 at 4–5) nor

---

[8] RAC filed the motion for summary judgment in the State Case on October 4, 2022, and the motion was served on Minor the same day by U.S. First Class Mail. (Doc. 3 at 3; Doc. 3-4 at 11.)

the motion for summary judgment (doc. 3-4 at 4–10) created a basis for removal for the reasons set forth below.

## IV. Standard of Review

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

For removal to be proper, this Court must have subject matter jurisdiction in

this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala.*, 168 F.3d at 410. If this Court determines, at any time during the proceedings, that it lacks subject matter jurisdiction, it must remand the case back to the state court. 28 U.S.C. § 1447(c). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411). Because Minor removed this action, she has the burden of establishing that this case was properly removed. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

V.      Discussion

To confirm removal jurisdiction, this Court must look to the case as it existed at the time that RAC filed the Underlying Complaint (doc. 3-1 at 4–5) in state court, irrespective of the status of the case at the time that Minor filed her Counterclaim (doc. 3-5 at 5–11) or the Notice of Removal (doc. 1). *See Schacht*, 524 U.S. at 390 (citing *St. Paul*, 303 U.S. at 291 ("[T]he status of the case as disclosed by the plaintiff's complaint [in state court] is controlling in the case of a removal.")). Minor's Counterclaim (doc. 3-5 at 5–11), therefore, cannot serve as the basis for this Court's jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535

U.S. 826, 831–32 (2002) (holding that a defendant cannot remove a case brought in state court under state law by establishing federal subject matter jurisdiction in a counterclaim).

The timeliness of Minor's attempted removal notwithstanding, and even liberally construing the Notice as an original complaint,[9] this Court still lacks subject matter jurisdiction over the case. Minor fails to demonstrate either diversity or federal question jurisdiction, and she makes no claims of a specific statutory grant of jurisdiction.

### a. Diversity Jurisdiction

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *see, e.g.*, *Univ. of S. Ala.*, 168 F.3d at 412. Minor's Notice (doc. 1) does not establish complete diversity of citizenship, nor does it plausibly allege an amount in controversy over $75,000.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual's "'citizenship,' or 'domicile,' is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there

---

[9] *See Tannenbaum*, 148 F.3d at 1263.

indefinitely." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280–81 (M.D. Ala. 1998). *See also, e.g.*, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984); *McCormick*, 293 F.3d at 1257–58. Federal courts presume "that the state in which a person resides at any given time is also that person's domicile." *McDonald*, 13 F. Supp. at 1281 (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.")). To determine an individual's domicile, a court will consider:

> the objective facts . . . includ[ing]: location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local, professional, civic, religious, or social organizations. In addition to these objective criteria, the domicile inquiry also considers a party's subjective statements of intent, though they are not dispositive.

*Lee v. Airwalk Ala., LLC*, No. 13-cv-373, 2013 WL 4482613, at *2 (N.D. Ala. Aug. 19, 2013).

Minor attempts to claim that diversity of citizenship exists because she is a Moorish American domiciled "on the land/territory of Rakai Nation." (Doc. 1 at 9.) Minor seemingly believes that, if her domicile was in fact "Rakai Nation," she would

undoubtedly be diverse from all Counter-Defendants. However, the Eleventh Circuit has long rejected the argument that an individual may satisfy the diversity requirement by claiming to be a Moor. *See Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (affirming dismissal for lack of subject matter jurisdiction where plaintiffs claimed diversity of citizenship based on a conclusory assertion of their Moorish nationality without pleading any facts "establishing that they were citizens of a different nation or resided in a state other than Florida"). Minor pleaded no facts supporting the allegation that she is a citizen of a different nation or resides in a state other than Alabama.

Furthermore, Minor listed her address as Aliceville, Alabama, in the Notice of Removal. (Doc. 1 at 1.) Presumably, therefore, Minor is domiciled in Alabama. *See Lee*, 2013 WL 4482613, at *2. Minor also listed an Aliceville, Alabama, address on the financing contract and certificate of title for the vehicle that is the subject of the underlying State Case. (Doc. 3-1 at 8, 11.) Consequently, Minor's domicile is in Alabama for purposes of establishing diversity jurisdiction.

Minor sets forth no facts in the Notice of Removal establishing the citizenship of RAC or any other Counter-Defendants. Consequently, Minor has not met her burden of demonstrating diversity jurisdiction for purposes of removal or original subject matter jurisdiction. *See Wilson*, 257 U.S. at 97 (stating that the removing

defendant carries the burden to establish the basis for removal jurisdiction). *See also* 28 U.S.C. §§ 1332(a), 1446(a). Furthermore, when removal is based on diversity jurisdiction, 28 U.S.C. § 1441(b)(2) prohibits the removal of a case where a defendant is a citizen of the forum state. Regardless of diversity of citizenship, then, Minor cannot remove the case from a forum in Alabama.

Even assuming that the parties are diverse, however, Minor fails to meet the amount in controversy requirement. The basis for removal must reside in the original complaint filed in state court, and it must be obvious on the face of that complaint that the amount in controversy requirement is met; otherwise, remand is necessary. *St. Paul*, 303 U.S. at 291–92. Moreover, "a defendant's notice of removal [must] include . . . a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Removing defendants "must establish the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211.

In the Underlying Complaint, RAC seeks to recover possession of personal property, a vehicle that is the subject of a financing contract between Minor and

RAC, rather than monetary damages. (*See* Doc. 3-1 at 4–5.) RAC asserts no other claims. (*Id.*) The financing contract[10] for the vehicle denotes a total sales price of $43,247.25. (Doc. 3-1 at 8.) Minor makes a conclusory allegation in the Notice of Removal that the "case is over the statutory amount of $75,000.00." (Doc. 1 at 8.) Minor's only monetary claim for relief is to "[h]ave the 'full balance' of the alleged debt to reflect zero." (Doc. 1 at 12.) Therefore, neither party's claims exceed the total sales price of the vehicle, which falls well below $75,000. Minor thus fails to plausibly allege an amount in controversy that satisfies the jurisdictional threshold.

Because Minor has established neither complete diversity of citizenship nor an amount in controversy greater than $75,000, this Court lacks diversity jurisdiction over this case.

### b. Federal Question Jurisdiction

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc.*, 482 U.S. at 392. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

---

[10] RAC attached and incorporated the contract to the Underlying Complaint. (Doc. 3-1 at 4–5.)

pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9 (1983). "[A] defendant may not remove a case to federal court unless the *plaintiff's* **complaint** establishes that the case 'arises under' federal law." *Id.* at 10 (emphasis in original).

Here, RAC asserted a single state law claim for statutory detinue in the Underlying Complaint, raising no issues of federal law. (*See* Doc. 3-1 at 4–5.) RAC's motion for summary judgment in the State Case simply sought resolution of the state law claim and similarly raised no issues of federal law. (*See* Doc. 3-4 at 4–10.) No federal question was present on the face of either pleading so as to provide the necessary basis for proper removal.

Minor attempts, misguidedly, to establish federal question jurisdiction through her Notice of Removal. Even assuming, *arguendo*, that the Notice were in fact an original complaint separate from the State Case, Minor's assertions would still be insufficient to establish federal question jurisdiction. A pleading for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Though a complaint need not include "detailed factual allegations," the pleader must provide more than mere "labels and

conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the complaint must include a "plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Id.* at 679.

Minor states that two injuries gave rise to her claims: 1) RAC's filing of a motion for summary judgment and 2) the clerk of the state court, Keith Cox, "accept[ing] and fil[ing] the motion for summary judgment without having and/or providing proof of jurisdiction by way of [a] Certificate of Authority letter signed from the Executive Branch." (Doc. 1 at 17.) Minor then claims that such "injuries" "consist of numerous Federal and Indigenous Violations" and proceeds to list various federal statutes for which she provides no factual basis nor an explanation of their relevance. At most, Minor includes a conclusory statement or a short paraphrase of the statute's topic.[11] (*See* Doc. 1 at 18–19.) While it may be possible that RAC engaged in unlawful debt collection practices, Minor has alleged no facts demonstrating that it is the least bit plausible. *See Iqbal*, 556 U.S. at 678 (explaining

---

[11] For example, after listing 15 U.S.C. § 1692d(2), which prohibits debt collectors from using obscene or profane language when collecting a debt, Minor states, "Use of obscene or profane language on my report (saying I owe you a debt)." (Doc. 1 at 18). Minor does not specify what language was obscene or profane, nor does she even identify the report on which the language supposedly appeared.

that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to establish a claim for relief).

Finally, Minor states that a 1786 treaty between Morocco and the United States provides a basis for federal question jurisdiction. (Doc. 1 at 3, 25–29.) A review of that treaty reveals nothing that could be construed as creating a right for Minor to bring a civil cause of action against RAC or any of the other Counter-Defendants. *See Murphy v. Alabama*, No. 22-00018, 2022 WL 4242840, at *2, *R. & R. adopted*, 2022 WL 4240896 (S.D. Ala. Sep. 14, 2022). This Court can discern no plausible connection between the treaty that Minor references and her allegations against RAC and the Counter-Defendants and thus cannot draw jurisdiction therefrom. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under . . . federal statutes [or treaties] clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

## VI. Conclusion

Minor's Notice of Removal fails first for untimeliness. Even if taken as an original complaint, however, the Notice merely constitutes a "shotgun pleading" and thoroughly fails to establish subject matter jurisdiction. *See Cramer v. State of Fla.*, 117 F.3d 1258, 1260 (11th Cir. 1997) (describing the complaint at issue as "a

rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that the[] appellants are claiming"); *Tamiami Dev. Corp. ex rel. Tamiami Partners v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1046 (11th Cir. 1995) (characterizing the complaint at issue as "a quintessential shotgun pleading, replete with vague and cursory allegations"). Consequently, the Counter-Defendants' Motion to Remand is due to be GRANTED to the extent that Minor's claims were removed. Any remaining claims that originated in this Court are due to be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. A separate Order consistent with this Opinion will be entered contemporaneously herewith.

      **DONE** and **ORDERED** on April 12, 2023.

                                                    L. SCOTT COOGLER  
                                                    UNITED STATES DISTRICT JUDGE  
                                                                  211913